UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Yulexi T.,                                         File No. 26-cv-68 (ECT/DTS)

      Petitioner,

v.                                                 **OPINION AND ORDER**

Kristi Noem, *in her official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

      Respondents.

---

Sara Larson Glesne and Graham Blair Ojala-Barbour, Ojala-Barbour Law Firm, St. Paul, MN, for Petitioner Yulexi T.

Ana H. Voss and Justin Merak Page, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd Lyons, and David Easterwood.

---

      Petitioner Yulexi T. is an Ecuadoran citizen who has lived in the United States without authorization since 2021,[1] when she entered the country without inspection. *See*

---

[1]     Yulexi's Petition for Writ of Habeas Corpus alleges that she has "resided in the United States since approximately June 29, 2021." *See* Pet. ¶ 44. This squares with the Government's exhibits. *See* ECF No. 11 ¶ 7; ECF No. 11-1 (stating Yulexi's "family unit was encountered by Border Patrol Agents in Eagle Pass, Texas," on "June 29, 2021"). But other parts of Yulexi's Petition present a conflicting account, alleging that Yulexi "entered the U.S. 18 years ago," or implying that Yulexi was here for "almost two decades" before being apprehended. *See* Pet. ¶¶ 41–42. These statements appear to be typographical errors.

Pet. [ECF No. 1] ¶¶ 3, 43–44; ECF No. 11 ¶ 7; ECF No. 11-1.  On or about January 15, 2022, Deportation Officers served Yulexi with a Form I-862 Notice to Appear, charging her as subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (codified under 8 U.S.C. § 1182(a)(6)(A)(i)) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  ECF No. 11-2 at 1.  On April 21, 2022, Yulexi applied for asylum.[2]  ECF No. 11 ¶ 9.  On March 10, 2025, an immigration judge denied Yulexi's asylum petition and ordered her removed from the United States to Ecuador.  ECF No. 11-3.  On April 9, 2025, Yulexi timely filed a Notice of Appeal with the Board of Immigration Appeals, and that appeal remains pending.  ECF No. 11 ¶ 11.

On January 6, 2026, Yulexi was arrested by an ICE officer and detained in ICE custody at Fort Snelling in Minnesota.  *See* Pet. ¶¶ 4, 8, 13, 45.  Yulexi was "moved before ICE learned of the petition" and is currently detained at Paso Camp East Montana in El Paso, Texas.  ECF No. 11 ¶ 12.  The Government notes that Yulexi "may be a member" of the class recently certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. filed July 23, 2025), but Yulexi does not assert any entitlement to relief based on possible class membership.  *See* ECF No. 10 at 3 n.1; *see generally*, Pet.

---

[2]   In her Fifth Amendment claim, Yulexi also asserts that "[a]t the time of her arrest, [she] was awaiting the scheduling of her consular interview to reenter the United States with an immigrant visa based on her marriage to a United States citizen and her approved waiver of unlawful presence."  Pet. ¶ 63.  Yulexi does not discuss this elsewhere in the Petition, nor does she argue that any such status would result in a different legal framework being applied here.

Yulexi challenges her detention under 28 U.S.C. § 2241.  Pet. ¶¶ 8–9.  She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing).  *Id.* ¶¶ 1, 5–7, 48–52, 55–58; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Yulexi, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations.  *See* Pet. ¶¶ 48–66.  She seeks a declaration that her detention is unlawful; issuance of a writ of habeas corpus ordering Respondents to release her from custody or set a bond hearing for her pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause; an order enjoining her removal or transfer out of the District of Minnesota during the pendency of this case; and an award of attorneys' fees and costs.  Pet. at 17.

Respondents argue that the petition fails on the merits as a matter of statutory interpretation.[3]  ECF No. 5 at 3–7.  Courts in this District have repeatedly considered and rejected Respondents' argument, and it will be rejected here as well.

Yulexi has shown she has been misclassified under § 1225(b)(2) rather than § 1226.  As courts have explained, the former statute applies to applicants "seeking admission," and

---

[3] Respondents do not challenge this Court's subject-matter jurisdiction to consider Yulexi's petition.  *See* ECF No. 10.  Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of January 10, 2026, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025). Yulexi has lived in the United States for over four years. Her detention falls under § 1226 and not § 1225(b)(2). *See* ECF No. 11-2 at 1 (stating that Yulexi is an "alien present in the United States who has not been admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General"). For these reasons, Yulexi is subject to discretionary detention and entitled to a bond hearing.[4]

---

[4] Though Yulexi alternatively requests release, *see* Pet. at 17, that will not be granted. Yulexi's regulatory arguments will not be addressed. Because Yulexi succeeds on her statutory claim, the Court need not address whether she is eligible for relief based on the

4

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Yulexi T.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 10, 2026                 s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court

---

decision in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. filed July 23, 2025).